UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DENECOCHEA,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL, SERGEANT SCOTT BALAND, OFFICER STEVEN HAWKINSON, OFFICER GREG MARTENS, ADAM FAIRMAN, SUTTER MEMORIAL HOSPITAL, COUNTY OF SACRAMENTO, STATE OF CALIFORNIA, CITY OF SACRAMENTO, JOHN DOES, 1 through 100,<br><br>Defendants. | No. 2:13-cv-01906-MCE-CKD<br><br>**ORDER** |

Plaintiff John DeNecochea ("Plaintiff") instituted the present action on September 12, 2013, as a result of a traffic stop made by California Highway Patrol Officers Steven Hawkinson and Greg Martens after Plaintiff allegedly ran a red light at the corner of K and 16th Streets in Sacramento, California. After being administered field sobriety tests, Plaintiff was arrested by Defendants Hawkinson and Martens for driving under the influence of alcohol and taken to Sacramento County Jail for booking. Once he arrived at the jail, Plaintiff claims he became violently ill and was subsequently

transported by ambulance to Defendant Sutter Memorial Hospital.  Plaintiff claims to have been physically assaulted by the Defendant Officers both during the course of his arrest and during his subsequent transfer to Sutter.  Plaintiff further claims that Defendant Adam Fairman, a phlebotomist at Sutter, wrongfully obtained a blood sample without his consent.  The County of Sacramento was originally included as a Defendant but dismissed by Stipulation and Order filed May 14, 2014.  The City of Sacramento was also named as a Defendant but appears to never have been served.

Plaintiff's lawsuit alleges various constitutional and common law claims against Defendants, including substantive and procedural due process violations, wrongful search and seizure claims, equal protection and civil rights violations, along with various state law claims including, but not limited to, allegations pertaining to assault, battery, false arrest and intentional infliction of emotional distress.

On April 16, 2014, in response to earlier-filed Motions to Dismiss, Plaintiff filed an Amended Complaint.  ECF No. 16.  That prompted the Motions to Dismiss presently before the Court, one filed on May 7, 2014, by Defendants Sutter Memorial Hospital and Adam Fairman (ECF No. 18), and the other filed on May 9, 2014, on behalf of Defendants State of California by and through the California Highway Patrol and on behalf of Officers Hawkinson and Martens and their supervisor, Sergeant Scott Baland.  ECF No. 19.

After initially failing to submit a timely opposition, in response to an order to show cause why the case should not be dismissed for failure to prosecute, Plaintiff filed a response to the Motions to Dismiss on July 1, 2014.  ECF No. 24.  That response concedes that Plaintiff's claims in this Court against the Defendants State of California, the California Highway Patrol, Officers Hawkinson and Martens, and Sergeant Baland (in their official capacities) are barred by principles of Eleventh Amendment immunity.  Pl.'s Response, 7:27-8:11.  With respect to the Motion filed on behalf of Sutter and Fairman, Plaintiff does not oppose their alternative request that a more definite statement of Plaintiff's claims be provided under Federal Rule of Civil Procedure 12(e).  As to both

1 | groups of Defendants, Plaintiff seeks leave to amend to add additional facts and
2 | specificity, citing some forty (40) different factual elements that he wants to add to his
3 | Complaint. Id. at 3:18-7:6.
4 |       Additionally, as Plaintiff's counsel pointed out in the response, Plaintiff was
5 | scheduled go to trial on the criminal DUI charges pending against him on the same day
6 | Plaintiff's response was filed, July 1, 2014.  Following a three-day jury trial, Plaintiff was
7 | convicted of driving under the influence, in violation of California Vehicle Code
8 | §§ 23152(a) and (b).  Given those misdemeanor convictions, both sets of Defendants
9 | allege in their Replies to the Motions to Dismiss, filed July 28, 2014 and July 31, 2014,
10 | respectively (ECF Nos. 26 and 27), that all or part of Plaintiff's claims are barred on
11 | grounds that to the extent that Plaintiff seeks by this suit to imply the invalidity of those
12 | criminal convictions, he cannot do so unless and until those convictions are either
13 | vacated or set aside.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Since
14 | Plaintiff's convictions, and Defendants' corresponding arguments of claim preclusion by
15 | virtue of Heck, did not arise until after Plaintiff's opposition was submitted, Plaintiff has
16 | not yet had the opportunity to respond to those allegations.
17 |       Given Plaintiff's request to amend, the numerous claims and parties which he
18 | concedes should be dismissed, the unopposed request for a more definite statement,
19 | and particularly the significant developments that have recently occurred with respect to
20 | Plaintiff's criminal convictions, the Court believes that this matter will most expeditiously
21 | be moved forward through the filing of an additional amended complaint.  In drafting any
22 | amended complaint, counsel for Plaintiff are cautioned to consider the implications of
23 | Heck with regard to Plaintiff's remaining claims.  Given Plaintiff's non-opposition, all
24 | claims against the State of California, the California Highway Patrol, Officers Hawkinson
25 | and Mertens, and Sergeant Beland  (in their official capacities) are dismissed, without
26 | prejudice.  Because this lawsuit was not originally initiated in state court, Plaintiff's
27 | request that those claims be remanded to the Superior Court in and for the County of
28 | Sacramento is denied.

1  In light of the Court's decision to permit an amended complaint, Defendants'
Motions to Dismiss (ECF Nos. 18 and 19) are hereby DENIED without prejudice to being
renewed as indicated following the submission of an amended complaint, except with
respect to Plaintiff's claims against the State of California, the California Highway Patrol,
Officers Hawkinson and Mertens, and Sergeant Beland (in their official capacities).  As
stated above, Defendants' request for dismissal as to those claims, as set forth in ECF
No. 19, is GRANTED.[1]  Plaintiff is directed to file an additional amended complaint not
later than October 31, 2014.  Failure to do so may result in dismissal of this action, in its
entirety and without further notice, for failure to prosecute under Federal Rule of Civil
Procedure 41(b).

  IT IS SO ORDERED.

Dated:  October 1, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local R. 230(g).