UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DENECOCHEA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT BALAND, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-01906-MCE-CKD<br><br>**AMENDED MEMORANDUM AND ORDER** |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

On September 9, 2015, the Court issued a Memorandum and Order ("original order") that ruled on three motions to dismiss.  ECF No. 72.  On October 28, 2015, Plaintiff John DeNecochea ("Plaintiff") filed a Motion for Reconsideration.  ECF No. 77.  The Motion for Reconsideration is GRANTED to the extent that the Court now VACATES the original order and issues this Amended Memorandum and Order ("Amended Order") in its stead.[1]  See Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action

---

[1] The December 1, 2015 hearing on Plaintiff's Motion for Reconsideration is hereby VACATED. See E.D. Cal. Local R. 230(g).

1

as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

The Motion for Reconsideration seeks clarification on three general matters. First, Plaintiff asks: "Is the State-Law-Claim against [Defendant] Martens for battery during the blood draw . . . barred by Heck [v. Humphrey, 512 U.S. 477 (1994)]?" Mot. for Recons., ECF No. 77, at 2. Succinctly: No, the state-law battery claim against Martens is not barred by Heck. With respect to the officer defendants (which includes Martens), the original order stated: "the Court declines to dismiss Plaintiff's state-law claims . . . ." See Original Order, ECF No. 72, at 9:21. This Amended Order does not disturb that finding.

To the extent that the statement "Heck bars any § 1983 claim based on the alleged forced blood draw," Original Order, ECF No. 72, at 11:23, is the cause of Plaintiff's confusion, the Court has revised that sentence in this Amended Order. Heck certainly bars Plaintiff's § 1983 claim challenging the alleged forced blood draw as an unreasonable search in violation of the Fourth Amendment. See Original Order, ECF No. 72, at 7:17-24 ("The Ninth Circuit has consistently held that the 'Heck bar' applies to § 1983 claims based on alleged Fourth Amendment violations when the allegedly unlawful seizure of evidence was used to secure a conviction."). However, Heck does not bar all claims based on the alleged forced blood draw. As explained more clearly in this Amended Order, the Third Amended Complaint ("TAC") adequately states § 1983 Fourth Amendment excessive force claims against Martens, claims which are based on Martens's actions during the blood draw and yet not Heck barred. See generally Smith v. City of Hemet, 394 F.3d 689, 700-01 (9th Cir. 2005) (en banc) (discussing the proper analysis of a "Fourth Amendment claim of excessive force").[2]

Second, the Motion for Reconsideration requests clarification of the Court's analysis and dismissal of the claims against Fairman. The original order dismissed with

---

[2] Although Plaintiff did not specifically identify the § 1983 Fourth Amendment excessive force claims as causes of action in the TAC, the factual allegations in the TAC are sufficient to state such claims. See generally Johnson v. City of Shelby, Miss., 135 S. Ct. 346, 347 (2014) (per curiam).

prejudice the state-law claims against Fairman because, under California law, Plaintiff had not timely filed those claims. See Original Order, ECF No. 72, at 10:26-11:21. Plaintiff now requests that the Court reconsider that ruling. The Court has reviewed the original order and finds no error in its analysis and conclusion with respect to the state-law claims against Fairman. Like the original order, this Amended Order dismisses those untimely claims with prejudice.

Plaintiff's counsel apparently fails to recognize that the Court dismissed the state-law claims against Fairman only because Plaintiff did not timely file those claims under California law (and not on the ground that they are Heck barred). See Mot. for Recons., ECF No. 77, at 3 ("The court indicated that the battery claim against Adam Fairman is time-barred. The court also stated that this claim is barred by Heck.") (emphasis added). To avoid further confusion: because Plaintiff did not timely file the state-law battery claim against Fairman, that claim is DISMISSED with prejudice; that claim is not being dismissed on the ground that it is Heck barred.[3]

However, Plaintiff correctly points out that the conclusion of the original order incorrectly stated that Plaintiff's § 1983 Fourth Amendment unreasonable search claim was dismissed with prejudice. See id. at 14:4-5. This Amended Order makes clear that the § 1983 Fourth Amendment unreasonable search claim is dismissed without prejudice.

Lastly, Plaintiff notes that the dismissal of Defendants American Medical Response ("AMR") and Dat Pham should have been without prejudice. This Amended Order makes clear that although the dismissal of the battery and assault claims against AMR and Pham is with prejudice, the dismissal of the § 1983 conspiracy claim against them (and all other defendants) is without prejudice.

///

///

---

[3] Furthermore, contrary to Plaintiff's suggestions in the Motion for Reconsideration, the finding that the state-law claims were untimely under California law is not inconsistent with the finding that Heck bars the § 1983 Fourth Amendment unreasonable search claim.

## DEFENDANTS' MOTIONS TO DISMISS

Proceeding on his Third Amended Complaint,[4] Plaintiff seeks over $10,000,000 in damages stemming from his arrest for driving under the influence.  There are three motions to dismiss pending before the Court.  ECF Nos. 54, 55, 60.  For the reasons that follow, Defendants Baland, Hawkinson, and Martens's Motion to Dismiss (ECF No. 54) is GRANTED in part and DENIED in part, Defendants Sutter Memorial Hospital and Fairman's Motion to Dismiss (ECF No. 55) is GRANTED, and Defendants American Medical Response and Pham's Motion to Dismiss (ECF No. 60) is GRANTED.[5]

## BACKGROUND[6]

Plaintiff was driving his vehicle in downtown Sacramento, California at approximately 1:00 a.m. on August 23, 2012.  At that time, California Highway Patrol ("CHP") officers Hawkinson and Martens (collectively, "the officers") initiated a traffic stop.  Although Plaintiff claims he did not violate any law, the officers stated that they initiated the traffic stop upon observing Plaintiff's failure to stop at a red light.  The officers asked Plaintiff to exit his vehicle.  Plaintiff had no visible injuries when complying with that request.  The officers then instructed Plaintiff "to step off to the side, outside of the view of" the CHP vehicle's video recording system.  Although the officers conducted

---

[4] Plaintiff has filed <u>four</u> documents titled "Third Amended Complaint."  <u>See</u> ECF Nos. 48, 50, 56, 57.  Because Plaintiff had previously amended his complaint, he was required to obtain either Defendants' consent or the Court's leave before filing the second, third, and fourth iterations of the "Third Amended Complaint" (i.e., ECF Nos. 50, 56, 57).  <u>See</u> Fed. R. Civ. P. 15(a).  There is no indication that Defendants consented to the filing of those iterations, and the Court did not grant Plaintiff leave to file them; in fact, Plaintiff did not even seek leave to file the subsequent versions.  Accordingly, the second, third, and fourth iterations of the "Third Amendment Complaint" (ECF Nos. 50, 56, 57) are disregarded and hereby STRICKEN.  The Court interprets the pending motions to dismiss as requesting dismissal of the operative "Third Amended Complaint" that Plaintiff filed on January 2, 2015 (ECF No. 48) ("TAC").

[5] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  <u>See</u> E.D. Cal. Local R. 230(g).

[6] The following statement of facts is based entirely on the allegations in the TAC, <u>see</u> ECF No. 48, and should not be construed as a judicial finding of facts.

4

field sobriety tests "[o]ff camera," the recording system captured a "loud crash." The source of that crash was the officers, without provocation, throwing Plaintiff to the ground.

The officers placed Plaintiff into the back seat of the CHP vehicle. The TAC is unclear as to what exactly happened next: Plaintiff states that the officers took him to the jail and that he "was not booked due to medical issues," but also that Hawkinson called for an ambulance to take Plaintiff from the jail to Defendant Sutter General Hospital ("the Hospital") because Plaintiff was "on the floor of a jail cell and vomit[ing]." TAC at 4-5.

In any event, Defendant AMR sent an ambulance to transport Plaintiff from the jail to the Hospital. Hawkinson joined Plaintiff and Pham, a paramedic employed by AMR, inside the ambulance. During the trip to the Hospital, Hawkinson requested that Pham obtain a sample of Plaintiff's blood. Pham's first attempt, which was made without Plaintiff's consent, a warrant, or the permission of Hawkinson's supervising sergeant,[7] was unsuccessful. Plaintiff was handcuffed during this first and all subsequent attempts to obtain a blood sample.

When the ambulance arrived at the sally port of the Hospital, Hawkinson asked Pham to again attempt to obtain a sample of Plaintiff's blood. To assist Pham with this second attempt, Hawkinson climbed on the stretcher, straddled Plaintiff, and told Plaintiff that he would "(F…) him up" if Plaintiff did not cooperate. TAC at 5. Hawkinson placed his "full weight" on Plaintiff's shoulder while straddling him, which caused Plaintiff injury. TAC at 6. Martens also assisted Pham by bending Plaintiff's right-hand fingers back to gain Plaintiff's compliance. Despite the efforts of Pham, Hawkinson, and Martens, Plaintiff's flailing prevented Pham from obtaining a blood sample on this second attempt.

Plaintiff was then admitted to the Hospital. Hawkinson requested that Defendant Adam Fairman, a nurse employed by the Hospital, obtain a sample of Plaintiff's blood.

---

[7] Plaintiff did not consent to any of the subsequent attempted blood draws, and no Defendant ever obtained a warrant or the permission of a supervising sergeant to draw Plaintiff's blood.

Although Fairman's first attempt was unsuccessful, he successfully injected a shot of Ativan (a sedative) into Plaintiff's inner thigh.

Fairman subsequently made another attempt to obtain a sample of Plaintiff's blood. Velcro-straps now restrained Plaintiff's arms and wrists to the railing of his gurney, and Plaintiff was still in handcuffs. Fairman swabbed the blood draw site with a disinfecting swab and prepared to insert a needle to obtain five vials of Plaintiff's blood; the first three vials were for hospital laboratory purposes, and the other two were for Hawkinson's investigatory purposes. To assist Fairman, Martens bent Plaintiff's right-hand thumb, index, and middle finder until they were severely dislocated and touching the back of Plaintiff's wrist. Martens subjected Plaintiff to that hold for one to two minutes, in which time Fairman completed the blood draw.

The officers spoke with Fairman after he completed the blood draw. The officers informed Fairman "how alcohol swabbing could cause problems in obtaining a conviction and any civil lawsuit." TAC at 8. After that discussion with the officers, Fairman entered false data into the medical records system by representing that he had used iodine, not alcohol, when swabbing the blood draw site.[8]

Although the TAC does not specify exactly when, it appears that Plaintiff was released from the Hospital later on August 23, 2012. As a result of his injuries, Plaintiff had to hire additional staff to operate his construction business. Plaintiff was unable to "obtain a full night of normal sleep for a period of several months" after his arrest, and he has received medical bills for treatment that he did not consent to. TAC at 12.

A jury subsequently convicted Plaintiff of driving under the influence. Through this action, he alleges the following causes of action: assault, battery, defamation, unlawful search and seizure, intentional infliction of emotional distress, and conspiracy to violate

---

[8] The TAC also includes allegations regarding Hawkinson's purportedly false police report. Those allegations are omitted from this statement of facts because any causes of action based on those allegations—namely, several of the defamation claims in the TAC—would be subject to dismissal. See Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1199 (E.D. Cal. 2011) ("plaintiff's causes of action against Officer Williams based on his preparation of a false police report and recommendation that criminal charges be filed would nonetheless be subject to dismissal under California Government Code section 821.6").

Plaintiff's civil rights. Although not specifically identified as a cause of action, the TAC also invokes 42 U.S.C. § 1983.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)[9], all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

---

[9] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

7

1  the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &
2  Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to
3  relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . . have not nudged their
4  claims across the line from conceivable to plausible, their complaint must be dismissed."
5  Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
6  that actual proof of those facts is improbable, and 'that a recovery is very remote and
7  unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

8        A court granting a motion to dismiss a complaint must then decide whether to
9  grant leave to amend.  Leave to amend should be "freely given" where there is no
10 "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
11 to the opposing party by virtue of allowance of the amendment, [or] futility of the
12 amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
13 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
14 be considered when deciding whether to grant leave to amend).  Not all of these factors
15 merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .
16 carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
17 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that
18 "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,
19 Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
20 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
21 1989) ("Leave need not be granted where the amendment of the complaint . . .
22 constitutes an exercise in futility . . . .")).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# ANALYSIS

### A. The Officers' Motion to Dismiss (ECF No. 54)[10]

The officers advance several arguments in their Motion to Dismiss. The Court will address each in turn.

#### 1. Eleventh Amendment Immunity

The officers first argue that the Eleventh Amendment to the United States Constitution bars all claims against the State of California and California Highway Patrol, and all claims against the officers in their official capacity. Although Plaintiff filed an Opposition to the officers' Motion, the Opposition did not address the officers' Eleventh Amendment argument. Additionally, the caption of the fourth and most recent iteration of "Third Amended Complaint" (ECF No. 57) omits both the State of California and California Highway Patrol as defendants, and makes clear that Plaintiff is suing the officers "as individuals." In light of Plaintiff's apparent non-opposition, the officers' Motion is GRANTED to the extent it seeks dismissal of all claims against the State of California and California Highway Patrol and all claims against the officers in their official capacity. This dismissal is with prejudice.

#### 2. Heck

The officers also argue that Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiff's § 1983 claims based on the forced blood draw. In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to

---

[10] In the statement of facts, "the officers" referred to just Hawkinson and Martens; for the remainder of this Order, "the officers" refers to Hawkinson, Martens, and Defendant Baland. Baland is a CHP sergeant and supervisor of Hawkinson and Martens.

> a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . .

Id. at 486-87. The Ninth Circuit has consistently held that the "Heck bar" applies to § 1983 claims based on alleged Fourth Amendment violations when the allegedly unlawful seizure of evidence was used to secure a conviction. See Szajer v. City of L.A., 632 F.3d 607, 611-12 (9th Cir. 2011); Whitaker v. Garcetti, 486 F.3d 572, 583-85 (9th Cir. 2007); see also Backus v. Gissel, 491 F. App'x 838, 839 (9th Cir. 2012) (citing Szajer for the proposition "a claim alleging an illegal search and seizure of evidence that was used to secure a conviction necessarily implies the invalidity of that conviction"); Kassab v. San Diego Police Dept., 441 F. App'x 476, 477 (9th Cir. 2011) (same).

Here, Plaintiff alleges that the forced blood draw was a violation of his Fourth Amendment rights under Missouri v. McNeely, 133 S. Ct. 1552 (2013). But Plaintiff was convicted of driving under the influence and evidence relating to the forced blood draw was introduced at his criminal trial. See TAC, Exs. 8-9 (transcripts of Hawkinson, Martens, Pham and Fairman's trial testimony); Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."). If Plaintiff were to prevail on his § 1983 challenging the blood draw as an unreasonable search under the Fourth Amendment, the finding would necessarily imply the invalidity of his criminal conviction. Accordingly, the officers' Motion is GRANTED to the extent that it seeks dismissal of Plaintiff's § 1983 claim challenging the alleged forced blood draw as an unlawful search in violation of the

///
///
///
///

Fourth Amendment.[11]  The dismissal of that claim is without prejudice.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).[12]

### 3.  Baland

Baland seeks dismissal on the ground that Plaintiff has not alleged his personal participation in any of the alleged constitutional deprivations.  See generally Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

The TAC includes just two allegations relating to Baland's involvement.  First, the TAC states that Baland "had no contact with the plaintiff but rather he failed to train or supervise Defendant Hawkins [sic] and Defendant Martens."  TAC at 3.  Second, the TAC states that Baland "had been at the jail and might have witnessed events in question."  TAC at 10.  Additionally, in his Opposition to the officers' Motion, Plaintiff claims Baland was present "at the time of the forced blood draw and ratified it in advance."  ECF No. 63 at 25.

Plaintiff's allegations are insufficient to establish Baland's personal participation in the alleged constitutional deprivations.  First, Plaintiff has inadequately stated a failure to train claim against Baland.  Not only has Plaintiff not established Baland's actual or constructive notice of an inadequate training program, Plaintiff has not alleged a pattern of similar constitutional violations.  See Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. . . . Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.").  Second, although the TAC states that Baland was at the jail and "might have witnessed events in question," the TAC does not

---

[11] This finding obviates the need to analyze whether McNeely applies retroactively and whether Plaintiff has adequately stated a § 1983 claim under McNeely.

[12] Plaintiff's unsupported suggestion that Heck "has no effect on California Vehicle Code [c]onvictions" is entirely without merit, and the Court will not further address it.

1  state any causes of action arising from Plaintiff's time at the jail.  Lastly, Plaintiff's
2  suggestion that Baland ratified and was present for the forced blood draw is insufficient
3  to establish Plaintiff's personal participation.  Not only are those allegations not in the
4  TAC, but, as explained above, Heck bars any § 1983 claim challenging the blood draw
5  as an unreasonable search in violation of the Fourth Amendment.

Accordingly, the officers' Motion is GRANTED to the extent that it seeks dismissal of Baland.  The dismissal of the claims against Baland is without prejudice.

### 4. Plaintiff's State-Law Claims

The officers further argue that because the TAC does not state a cause of action arising under federal law, the Court should dismiss Plaintiff's state law claims.  The premise underlying that argument, however, is inaccurate.  The TAC adequately states § 1983 Fourth Amendment excessive force claims against Hawkinson and Martens for throwing Plaintiff to the ground during the traffic stop,[13] for their uses of force during the second attempt to obtain a sample of Plaintiff's blood, and for Martens's use of force during the fourth attempt to obtain a blood sample.  See Smith v. City of Hemet, 394 F.3d 689, 700-01 (9th Cir. 2005) (en banc).  Accordingly, the Court declines to dismiss Plaintiff's state-law claims because the TAC does in fact state a cause of action arising under federal law.

### B. The Hospital and Fairman's Motion to Dismiss (ECF No. 55)

#### 1. The Hospital

The Hospital seeks dismissal from this action on the grounds that Plaintiff has not alleged claims against it.  The closest Plaintiff comes to stating a cause of action against the Hospital is the allegation that "[v]arious Sutter [p]ersonnel" committed battery by way of their "wrongful use of medical procedures without consent."  TAC at 19.  Even if Plaintiff had sufficiently stated a battery claim against the Hospital, his claim would be barred under California Code of Civil Procedure section 340.5, which provides:

---

[13] The Court notes, however, that Plaintiff should specify which officer threw him to the ground in any further amended complaints.

12

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.

See also Cal. Code Civ. Proc. § 340.5(1)-(2) (defining "health care provider" and "professional negligence"); Larson v. UHS of Rancho Springs, Inc., 230 Cal. App. 4th 336, 351 (2014) (explaining that claims labeled as intentional torts may nonetheless be claims "based on professional negligence within the meaning of section 304.5").

Section 340.5 applies here because the Hospital is indisputably a health care provider, and because Plaintiff alleges an injury based on the Hospital's professional negligence—specifically, the Hospital's "wrongful use of medical procedures without consent." Plaintiff therefore had one year from the time that he discovered his injury to commence this action against the Hospital. Plaintiff was subjected to the alleged professional negligence and released from the Hospital on August 23, 2012; accordingly, he had until August 23, 2013 to commence this action. Because Plaintiff did not commence this action until September 12, 2013, the Court must dismiss Plaintiff's battery claim against the Hospital as untimely. Additionally, because that is the only claim alleged against the Hospital, the Hospital is DISMISSED as a Defendant in this action. Because Plaintiff cannot save the claim by way of amendment, the dismissal is without leave to amend and with prejudice.

**2. Fairman**

Fairman seeks dismissal of the assault, battery, and intentional infliction of emotional distress claims alleged against him on the grounds that those claims are untimely under section 340.5. Fairman is a healthcare provider, and Plaintiff's claims against him are based on professional negligence. Specifically, the TAC makes clear that Fairman "engaged in medical treatment in the form of a blood draw <u>for the purpose of his medical lab testing</u> . . . ." TAC at 24; cf. Larson, 230 Cal. App. 4th at 351 (finding intentional tort claims were based on professional negligence because the "allegations

13

challenge the manner in which [defendant] rendered the professional health care services he was hired to perform; they do not allege intentional torts committed for an ulterior purpose"). Plaintiff was subjected to Fairman's alleged assault, battery, and intentional infliction of emotional distress on August 23, 2012; he therefore had until August 23, 2013 to commence this action. Because Plaintiff did not commence this action until September 12, 2013, the Court must dismiss these causes of action alleged against Fairman.

The Court must also dismiss the defamation claim against Fairman as untimely. Defamation actions must be brought within one year. Cal. Code Civ. Proc. § 340(c). A defamation claim accrues upon "the first general distribution of the publication to the public," and "the statute of limitations will begin to run regardless of whether a plaintiff is aware that he has a cause of action." Cusano v. Klein, 264 F.3d 936, 949 (9th Cir. 2001) (internal quotation marks omitted). Here, the contested statements appear to have been made on August 23, 2012; Plaintiff therefore had until August 23, 2013 to file his defamation claim. Because Plaintiff did not commence this action until September 12, 2013, the Court must dismiss the defamation claim as untimely. The dismissal is without leave to amend and with prejudice.[14]

Fairman also argues that to the extent Plaintiff alleges a § 1983 claim against him, that claim is barred under Heck. For the reasons stated in the analysis of the officers' Motion to Dismiss, Heck bars Plaintiff's § 1983 claim challenging the alleged forced blood draw as an unreasonable search in violation of the Fourth Amendment.

Lastly, Fairman seeks dismissal of the conspiracy claim alleged against him on the grounds that the claim is inadequately pled. The Court, however, need not determine whether the TAC sufficiently states a conspiracy claim because the claim is barred under Heck. Specifically, Plaintiff alleges that Fairman, the officers, and other

---

[14] The TAC alleges several defamation claims, each of which is either alleged against the officers, Fairman, or other employees of the Hospital. The defamation claims against the officers are dismissed with prejudice as both untimely and inadequately pled. See note 5, supra. The claims against Fairman and other employees of the Hospital are dismissed with prejudice as untimely.

14

employees of the Hospital reached an agreement "to falsify information in police and medical reports for the purpose of aiding in wrongfully convicting Plaintiff of violating the DUI statutes of California and to avoid successful prosecution of a civil rights lawsuit against the police officers involved in this case." TAC at 25-26. But Plaintiff's success on such a claim—which would require proof of an agreement to violate his constitutional rights and an actual deprivation of his constitutional rights as a result of the alleged conspiracy[15]—would necessarily imply the invalidity of his conviction for driving under the influence. See Cooper v. Ramos, 704 F.3d 772, 784-85 (9th Cir. 2012) (finding Heck barred a § 1983 claim based on a "broad conspiracy to obtain [plaintiff's] conviction" because "[t]he heart of the third claim is an effort to attack the integrity of the investigation and trial. Successfully litigating [plaintiff's] claims of an evidence tampering conspiracy would necessarily implicate the validity of his state criminal conviction."); Guerrero v. Gates, 442 F.3d 697, 702-03 (9th Cir. 2006) (finding Heck barred a § 1983 claim based on a "conspiracy of 'bad behavior'" because plaintiff's success on that claim would necessarily imply the convictions that resulted from the alleged conspiracy). This rationale requires the Court to dismiss the conspiracy claim as to the officers and the other Hospital employees alleged to have participated in the conspiracy. The dismissal of the conspiracy claim is without prejudice. See Trimble, 49 F.3d at 585.

To summarize, the Hospital and Fairman's Motion to Dismiss is GRANTED. The battery claim against the Hospital is DISMISSED, and the Hospital is DISMISSED from this action; both dismissals are with prejudice. The assault, battery, intentional infliction of emotional distress, and defamation claims against Fairman are also DISMISSED with prejudice. The § 1983 conspiracy claim is DISMISSED, without prejudice, as to all defendants.

///

///

---

[15] See generally Hart v. Parks, 450 F.3d 1059, 1071-72 (9th Cir. 2006); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002).

**C. AMR and Pham's Motion to Dismiss (ECF No. 60)**

AMR and Pham seek dismissal of all claims alleged against them (specifically, battery, assault, and § 1983 conspiracy to deprive Plaintiff of his constitutional rights). As previously explained, Heck bars Plaintiff's conspiracy claim.[16]  Because the battery and assault claims against AMR and Pham are untimely under section 340.5, the Court must dismiss those claims as well.

Again, section 340.5 requires that injury actions against health care providers based on alleged professional negligence be brought within one year after the plaintiff discovers the injury.  Section 340.5 applies because AMR and Pham are health care providers[17] and because Plaintiff's assault and battery claims against them are based on alleged professional negligence.  Plaintiff knew of the alleged injury on August 23, 2012; he therefore had until August 23, 2013 to commence this action.  Because Plaintiff did not file this action until September 12, 2013, his assault and battery claims against AMR and Pham must be dismissed with prejudice.  The dismissal of the § 1983 conspiracy claim is without prejudice.

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's Motion for Reconsideration (ECF No. 77) is GRANTED to the extent that the Court now VACATES the September 9, 2015 Memorandum and Order (ECF No. 72) and issues this Amended Memorandum and Order in its stead. The hearing on Plaintiff's Motion scheduled for December 1, 2015 is hereby VACATED.

---

[16] The Court also notes that AMR and Pham's actions appear to have preceded the alleged agreement to violation Plaintiff's civil rights.

[17] See generally Canister v. Emergency Ambulance Serv., 160 Cal. App. 4th 388, 395-404 (2008) (explaining that emergency medical technicians and ambulance companies are health care providers under section 304.5).

2. The officers' Motion to Dismiss (ECF No. 54) is GRANTED in part and DENIED in part. Specifically:

   a. All claims against the State of California and California Highway Patrol, and all claims against the officers in their official capacity are DISMISSED with prejudice.

   b. The § 1983 claim alleging that the forced blood draw amounted to an unreasonable search and seizure in violation of the Fourth Amendment is DISMISSED without prejudice as to all defendants.

   c. The § 1983 "failure to train" claim against Baland is DISMISSED without prejudice.

   d. The Motion, however, is DENIED to the extent that it seeks dismissal of Plaintiff's state-law claims.

3. The Hospital and Fairman's Motion to Dismiss (ECF No. 55) is GRANTED.

   a. The battery claim against the Hospital is DISMISSED, and the Hospital is DISMISSED from this action; both dismissals are with prejudice.

   b. The assault, battery, intentional infliction of emotional distress, and defamation claims against Fairman are also DISMISSED with prejudice.

   c. The § 1983 conspiracy claim is DISMISSED, without prejudice, as to all defendants.

4. Defendants American Medical Response and Dat Pham's Motions to Dismiss (ECF No. 60) is GRANTED. The battery and assault claims against them are DISMISSED with prejudice.

Prior to filing the Motion for Reconsideration, Plaintiff filed a Fourth Amended Complaint (ECF No. 74) and Defendants Hawkinson and Martens filed an Answer to that pleading (ECF No. 75). Because Plaintiff may benefit from the direction provided in this Amended Memorandum and Order, the Fourth Amendment Complaint and Hawkinson

...

1  and Marten's Answer are hereby STRICKEN.  Not later than twenty (20) days following
2  the date this Amended Memorandum and Order is electronically filed, Plaintiff may, but
3  is not required to, file a Fifth Amended Complaint.
4      If Plaintiff does not file an amended complaint, this case will proceed on the §
5  1983 excessive force claims and the state-law battery, assault, and intentional infliction
6  of emotional distress claims against Hawkinson and Martens in the Third Amended
7  Complaint (ECF No. 48).  Specifically, those claims are based on Hawkinson and
8  Martens's throwing of Plaintiff to the ground during the traffic stop,[18] Hawkinson and
9  Martens's use of force during the second attempt to obtain a sample of Plaintiff's blood,
10  and Martens's use of force during the fourth attempt to obtain a blood sample.[19]
11      IT IS SO ORDERED.
12  Dated:  November 9, 2015

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[18] As previously stated, Plaintiff should specify exactly which officer threw him to the ground if he files another amended complaint.

[19] To the extent the TAC also alleges Hawkinson and Martens initiated the traffic stop without probable cause and seeks to assert a § 1983 claim based on that allegation, Heck would bar the claim, which is hereby DISMISSED without prejudice.  See Szajer, 632 F.3d at 611-12.