# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DENECOCHEA, | No. 2:13-cv-01906-MCE-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| SCOTT BALAND, et al., | |
| Defendants. | |

Through the present action, Plaintiff John DeNecochea ("Plaintiff") seeks over $10,000,000 in damages stemming from his arrest for driving under the influence. On November 10, 2015, the Court filed its Amended Memorandum and Order (ECF No. 79) granting, in part, Plaintiff's Motion for Reconsideration as to an earlier September 9, 2014 Memorandum and Order (ECF No. 72) that ruled on three motions to dismiss submitted on behalf of various named defendants. In its Amended Order, the Court clarified that, under the rationale of the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), Plaintiff's claims under 42 U.S.C. § 1983, which challenge Plaintiff's alleged forced blood draw as an unreasonable search in violation of the Fourth Amendment, are barred. On August 24, 2017, nearly two years after the Court's Amended Order was issued, Plaintiff filed a "Motion for Lifting of Heck Bar" pursuant to which Plaintiff asks the Court to "reinstate" any claim it previously found barred under

1

Heck. That Motion is now before the Court. According to Plaintiff, since he has "completed his term of probation" and has "made every effort within his power to challenge his conviction" (which he alleges ultimately failed because of his court-appointed counsel's untimeliness), he should now be permitted to pursue his § 1983 claims without being constrained by Heck.

In opposition, Defendants argue that Plaintiff's "Motion" appears to be yet another Request for Reconsideration, this time of the November 9, 2015 Order. By way of Reply, Plaintiff does not take issue with that characterization, stating only that the "change in facts" occasioned by Plaintiff's completion of probation (which he claims ended on July 8, 2017, after a three-year period) justifies reconsideration. Plaintiff maintains that he could not have raised the fact that he completed his probation (and therefore completed his sentence) until his probation ended. Significantly, Plaintiff admits that he was never in custody or on parole as a result of his DUI conviction. Reply, 2:20-21.

Consequently, under the rationale of the cases, Plaintiff himself cites in support of his position, Plaintiff was never "in custody" for purposes of invoking habeas corpus relief. In Spencer v. Kemma, 523 U.S. 1, 7 (1998), plaintiff was incarcerated by reason of a parole revocation at the time his petition was filed, therefore satisfying the "in custody" provision of 28 U.S.C. § 2254. Additionally, in the other case relied upon by Plaintiff, Nonette v. Small, 316 F.3d 872 (9th Cir. 2002), the prisoner there was incarcerated at the time his lawsuit was filed. Id. at 875. Here, on the other hand, it appears Plaintiff was never in custody, and by his own admission, was simply on "probation" between July 8, 2014, and July 8, 2017, a period encompassing the time the now-challenged 2015 Orders were adjudicated. Therefore, Plaintiff was no more in custody at the time of the original motions than he is now, there are no new "facts" here

///

///

///

2

justifying reconsideration, and there is no reason why Plaintiff could not have raised the arguments he now asserts back in 2015.[1]

Under Eastern District Local Rule 230(j), an application for reconsideration must show what new or different facts are claimed to exist at the time of reconsideration which did not exist beforehand, or what other grounds exist for the Motion. Plaintiff's instant request fails to meet that standard. Despite claiming otherwise, Plaintiff provides no new or different facts or circumstances indicating that reconsideration is appropriate. Plaintiff's Motion (ECF No. 97) is accordingly DENIED.[2]

IT IS SO ORDERED.

Dated: February 15, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] There are also no new facts germane to whether Plaintiff successfully challenged his conviction itself for Heck purposes. The fact remains that he did not do so. Whether Plaintiff's own counsel may have failed to preserve his time to appeal to the California Court of Appeals does not change that conclusion.

[2] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

3