UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DENECOCHEA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN HAWKINSON, et al.,<br><br>Defendants. | No. 2:13-cv-01906-MCE-CKD<br><br>**SUPPLEMENTAL PRETRIAL SCHEDULING ORDER** |

After review of the parties' Joint Trial Readiness Statement, the Court makes the following Supplemental Pretrial Scheduling Order.

**I.     FINAL PRETRIAL CONFERENCE**

A Final Pretrial Conference is set on **May 6, 2021, at 2:00 p.m. in courtroom 7**. At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

1

**II.     JOINT FINAL PRETRIAL CONFERENCE STATEMENT**

The parties shall file, not later than **April 8, 2021**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rule 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Supplemental Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to mceorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

Each party shall confirm the number of court days required to submit the case to the jury.  The parties shall further confirm how many court days they will each require to present their cases, inclusive of opening statements and closing arguments.

///

1  Plaintiff's estimate shall also include the time necessary for jury selection, and
2  Defendants' estimate shall include the time necessary to finalize jury instructions and to
3  instruct the jury.  If the parties later submit a revised trial length estimate, the Court will
4  attempt to accommodate them, but, due to its impacted docket, cannot guarantee that it
5  will be able to do so.
6  　　　　The parties are reminded that pursuant to Local Rule 281 they are required to list
7  in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose
8  to offer at trial.  After the name of each witness, each party shall provide a brief
9  statement of the nature of the testimony to be proffered.  The parties may file a joint list
10 or each party may file separate lists.  These list(s) shall not be contained in the body of
11 the Joint Final Pretrial Conference Statement itself, but shall be attached as separate
12 documents to be used as addenda to the Final Pretrial Order.  Counsel are ordered to
13 file their exhibit list on or before **April 8, 2021**.  The parties must expressly reserve the
14 right to offer additional exhibits at trial.
15 　　　　The Plaintiff's exhibits shall be listed numerically.  Defendants' exhibits shall be
16 listed alphabetically.  After A-Z is exhausted, defense counsel is to use A2 through Z2,
17 then begin with A3 through Z3, and so on.  <u>Each</u> <u>page</u> in all multi-page exhibits shall be
18 marked for identification and all photographs <u>must</u> be marked individually.  A footer must
19 be used to mark exhibits and must be in the following format:  Case Number, Case
20 Name, Party Offering Exhibit, Exhibit Number or Letter, Page of Exhibit with length of
21 exhibit.[1]

---

[1] Example of exhibit stamp footer.

28 2:13-cv-01906-MCE-CKD, <u>DeNecochea v. Hawkinson</u>    Plaintiff's Exhibit 1         Page 1 of 3

3

1   Each party may use an exhibit designated by the other.  Exhibit lists must be in
2 Microsoft Word, filed in the table format as shown below, and emailed to
3 mceorders@caed.uscourts.gov by **April 8, 2021**.

| EXHIBIT IDENTIFICATION | EXHIBIT DESCRIPTION | DATE OFFERED | DATE ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

9   The parties are ordered to file their exhibit lists on or before **April 8, 2021**.  Each
10 page in all multi-page exhibits shall be marked for identification and all photographs
11 must be marked individually.  All exhibits must be premarked.  The list of exhibits shall
12 not include excerpts of depositions which may be used to impeach witnesses.
13   A. No other exhibits will be permitted to be introduced unless:
14   (1) The party proffering the exhibit demonstrates that the exhibit is for
15 the purpose of rebutting evidence, or
16   (2) The exhibit was discovered after the pretrial statements were filed
17 and the proffering party makes the showing required in paragraph "B", below.
18   B. Upon the post-pretrial discovery of exhibits, the parties shall promptly
19 inform the Court and opposing party of the existence of such exhibits so that the Court
20 may consider at trial their admissibility.  The exhibits will not be received unless the
21 proffering party demonstrates:
22   (1) The exhibits could not reasonably have been discovered earlier;
23   (2) The Court and opposing parties were promptly informed of their
24 existence;
25 / / /
26 / / /
27 / / /
28

    (3) The proffering party forwarded a copy of the exhibit(s) (if physically possible) to opposing parties.  If the exhibit(s) may not be copied, the proffering party must show that the exhibit(s) were made reasonably available for inspection by opposing party.

  The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  The listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the Court's processes.

  The parties are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

**III. TRIAL BRIEFS**

  The parties shall file trial briefs not later than **April 8, 2021**.  Counsel are directed to Local Rule 285 regarding the content of trial briefs.

**V. MOTIONS IN LIMINE**

  Any evidentiary or procedural motions are to be filed in **one** document by **April 8, 2021**.  Oppositions must be filed in **one** document by **April 22, 2021**, and any reply must be filed in **one** document by **April 29, 2021**.  The motions will be heard by the Court at the same time as the Final Pretrial Conference.

/ / /

/ / /

## VI. TRIAL SETTING

A jury trial is set on **June 28, 2021, at 9:00 a.m. in courtroom 7**. Trial is confirmed for five (5) days.

The parties are reminded that pursuant to Federal Rules of Civil Procedure Rule 16(b), the Supplemental Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Supplemental Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

This Supplemental Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) court days of service of this Order.

IT IS SO ORDERED.

Dated: July 30, 2020

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE