UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DENECOCHEA,

    Plaintiff,

    v.

STEVEN HAWKINSON, et al.,

    Defendants.

No.  2:13-cv-01906-DAD-CKD

TENTATIVE PRETRIAL ORDER

On August 15, 2023, the court conducted a final pretrial conference in this case.  Attorney Matthew Becker appeared as counsel for plaintiff; Deputy Attorney General Matthew Roman appeared as counsel for defendants.  Having considered the parties' joint pretrial statement and the views of the parties as expressed at the conference, the court issues this tentative pretrial order.

Plaintiff John Denecochea brings this civil rights action against defendants California Highway Patrol Officers Steven Hawkinson and Greg Martens, with claims arising under 42 U.S.C. § 1983 for excessive use of force in violation of the Fourth Amendment, as well as state law claims of battery, assault, and intentional infliction of emotional distress.

I.    JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Venue is not contested.

1

II.      JURY

Both parties have demanded a jury trial.  The jury will consist of eight jurors.

III.      UNDISPUTED FACTS

1.      On August 23, 2012, plaintiff John Denecochea was arrested for violating California Vehicle Code § 21352, driving under the influence of an alcoholic beverage.

2.      At all relevant times, defendants Steven Hawkinson and Gary Martens were acting within their authority as peace officers, specifically officers of the California Highway Patrol ("CHP").

3.      Defendants Hawkinson and Martens initiated a traffic stop in downtown Sacramento at 12:30 a.m. on August 23, 2012 by activating their lights and pulling a vehicle over for violating California Vehicle Code § 21453(a), failing to stop at a red light.

4.      After stopping the vehicle, defendant Hawkinson approached and began speaking to plaintiff, the driver and sole occupant of the vehicle.

5.      Defendant Hawkinson smelled the odor of an alcoholic beverage on plaintiff's breath, noticed that plaintiff's eyes were red and watery, and formed the opinion that plaintiff may have been driving while under the influence of an alcoholic beverage.

6.      Defendant Hawkinson asked plaintiff to step out of his vehicle, and after walking plaintiff to a safe spot, administered field sobriety tests to plaintiff.

7.      Plaintiff failed to perform the tests satisfactorily and showed signs of impairment throughout the tests.

8.      Defendant Hawkinson formed the opinion that plaintiff was indeed operating a motor vehicle under the influence of alcohol and attempted to handcuff plaintiff.

9.      Plaintiff pleaded to be allowed to leave the scene without being arrested.

10.      After transporting plaintiff to the Sacramento County Jail, plaintiff refused to submit to a chemical test in accordance with California's implied consent law.

11.      Plaintiff claims that the was suffering a diabetic episode and needed medical attention.

/////

2

12.     Defendants Hawkinson and Martens then watched, with county jail personnel, as plaintiff began thrashing on the floor, banging his head on the floor, and claim that he was having a heart attack.

13.     Defendants Hawkinson and Martens and county jail personnel called for an ambulance to assure that plaintiff was healthy, after jail personnel initially examined plaintiff and determined that he was not having a heart attack and did not appear to be suffering a diabetic seizure.

14.     Plaintiff refused to allow paramedics to draw his blood.

15.     Plaintiff was finally sedated by hospital staff, and a blood draw was ultimately completed.

16.     As Plaintiff displayed uncommon strength and appeared to be more agitated than normal, defendants Hawkinson and Martens recommended plaintiff be charged with driving under the influence ("DUI") of a controlled substance in addition to DUI of alcohol.

17.     Because the blood test showed no drugs, the District Attorney declined this suggested additional charge.

18.     Plaintiff was ultimately convicted of violating California Vehicle Code § 21352-DUI.

19.     Plaintiff's blood alcohol level was .13, which was obtained from the blood draw, and was far above the .08 limit in California.

IV.     <u>DISPUTED FACTUAL ISSUES</u>

1.     Whether defendants Hawkinson and Martens informed plaintiff that he was being arrested when they grabbed him.

2.     Whether plaintiff's surprise at the physical contact caused a reaction which the defendants interpreted as resistance.

3.     Whether defendant Martens immediately initiated a leg-sweep takedown of plaintiff while both he and defendant Hawkinson were holding plaintiff's arms.

4.     Whether plaintiff went face first to the concrete and his head struck the concrete sidewalk.

5.     Whether plaintiff's glasses fell off at that time.

6.     Whether plaintiff was not wearing glasses for the remainder of the night.

7.     Whether, in the police report, defendants failed to list a material independent witness to the arrest.

8.     Whether defendants' failure to list a material independent witness to the arrest was intentional.

9.     Whether, when the ambulance medic tried to do the blood draw while the ambulance was in motion en route to the hospital, the medic failed to inform plaintiff that he was about to do a blood draw.

10.     Whether plaintiff reacted to the stabbing of his arm by pulling away.

11.     Whether defendant Hawkinson then climbed on to the stretcher, straddled plaintiff, put his weight on plaintiff's collarbone, wrapped his hands around plaintiff's neck and screamed point blank into plaintiff's face that if plaintiff did not cooperate with the warrantless blood draw that defendant Hawkinson was going to "fuck [plaintiff] up."

12.     Whether, once the ambulance arrived at the hospital, defendant Martens entered the ambulance that already contained plaintiff (on the stretcher), defendant Hawkinson, and the medic.

13.     Whether, once in the ambulance, defendant Martens engaged the "finger bend" control hold in a follow up attempt at the warrantless blood draw.

14.     Whether defendant Martens engaged the "finger bend" maneuver only in the hospital, not in the ambulance.

15.     Whether defendant Martens engaged the "finger bend" maneuver both in the ambulance and in the hospital.

16.     Whether, once inside the hospital, plaintiff's arm was Velcro strapped to the hospital bed rail.

17.     Whether, when the blood draw happened, because of the Velcro strap, plaintiff was unable to move his arm to resist even if he had wanted to resist.

/////

4

18.     Whether defendant Martens gratuitously bent plaintiff's finger back to his wrist and held it there for the duration of the blood draw.

19.     Whether plaintiff suffered injuries as a result of defendant Martens bending his finger back to his wrist and holding it there for the duration of the blood draw.

20.     Whether subsequent to the blood draw, defendants and the nurse who did the blood draw conspired to, and in fact did, write false reports (police report and medical reports) regarding how the blood draw occurred.

21.     Whether defendants used excessive force while arresting plaintiff, while he was being transported to the hospital in the ambulance, and while he was being restrained on a hospital bed at Sutter Hospital.

V.     DISPUTED EVIDENTIARY ISSUES / MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*.[1]  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**.  Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

VI.     SPECIAL FACTUAL INFORMATION

Pursuant to Local Rule 281(b)(6), the following special factual information pertains to this action:

VII.     RELIEF SOUGHT

1.     Plaintiff requests unspecified monetary damages.

/////

/////

---

[1]  As discussed at the final pretrial conference, in their respective objections to this tentative pretrial order, the parties are directed to provide a list of the motions *in limine* they believe they will be filing, if any.

VIII.   POINTS OF LAW

The claims and defenses asserted in this action arise under both federal and state law.  All of plaintiff's claims are brought against the defendants Hawkinson and Martens.

1.      The elements of, standards for, and burden of proof in a § 1983 claim of excessive use of force in violation of the Fourth Amendment;

2.      The elements of, standards for, and burden of proof in a claim of battery.

3.      The elements of, standards for, and burden of proof in a claim of assault.

4.      The elements of, standards for, and burden of proof in a claim of intentional infliction of emotional distress.

5.      The elements of, standards for, and burden of proof in an affirmative defense of qualified immunity.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.   ABANDONED ISSUES

None.[2]

X.   WITNESSES

The parties have provided a joint list of witnesses.  Joint witnesses shall be those listed in **Attachment A**.

A.      **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

/////

/////

---

[2]  As the court explained at the final pretrial conference, defendants must identify which of their 26 affirmative defenses have been abandoned (and list those as an abandoned issue), and which affirmative defenses remain for trial (and list those as a point of law).  Defendants shall provide these lists in their objections to this tentative pretrial order.

      (1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

      (2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

      (1)    The witness could not reasonably have been discovered prior to the discovery cutoff;

      (2)    The court and opposing parties were promptly notified upon discovery of the witness;

      (3)    If time permitted, the party proffered the witness for deposition; and

      (4)    If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

Joint exhibits are listed in **Attachment B**.[3] No exhibit shall be marked with or entered into evidence under multiple exhibit numbers. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder

---

[3] As discussed at the final pretrial conference, in their objections to this tentative pretrial order, the parties shall provide an updated list of exhibits that describes each exhibit with greater detail and specificity (e.g., Bates-stamp numbers, dates, authors, number of pages, etc.).

1    shall have an identification label on the front and spine.  The parties must exchange exhibits no

2    later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before**

3    **trial**.  The final exhibits are due **the Thursday before the trial date.**  In making any objection,

4    the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to,

5    no further foundation will be required for it to be received into evidence, if offered.

6          **The court does not allow the use of undisclosed exhibits for any purpose, <u>including</u>**

7    **<u>impeachment or rebuttal</u>, unless they meet the following criteria.**

8          A.    The court will not admit exhibits other than those identified on the exhibit lists

9                referenced above unless:

10               (1)    The party proffering the exhibit demonstrates that the exhibit is for the

11                      purpose of rebutting evidence that could not have been reasonably

12                      anticipated, or

13               (2)    The exhibit was discovered after the issuance of this order and the

14                      proffering party makes the showing required in paragraph B, below.

15         B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly

16               inform the court and opposing parties of the existence of such exhibits by filing a

17               notice on the docket so that the court may consider their admissibility at trial.  The

18               exhibits will not be received unless the proffering party demonstrates:

19               (1)    The exhibits could not reasonably have been discovered earlier;

20               (2)    The court and the opposing parties were promptly informed of their

21                      existence;

22               (3)    The proffering party forwarded a copy of the exhibits (if physically

23                      possible) to the opposing party. If the exhibits may not be copied the

24                      proffering party must show that it has made the exhibits reasonably

25                      available for inspection by the opposing parties.

26   XII.    <u>DISCOVERY DOCUMENTS</u>

27         Counsel must lodge the sealed original copy of any deposition transcript to be used at trial

28   with the Clerk of the Court no later than **14 days before trial**.

Plaintiff has indicated the intent to use the following discovery documents at trial:

1.    Deposition testimony from the deposition of defendant Hawkinson

2.    Deposition testimony from the deposition of defendant Martens

3.    Transcript of the testimony of defendant Hawkinson from plaintiff's criminal trial

4.    Transcript of the testimony of defendant Martens from plaintiff's criminal trial

5.    Transcript of the testimony of Dat Pham from plaintiff's criminal trial

6.    Transcript of the testimony of Adam Fairman from plaintiff's criminal trial

Defendants have indicated the intent to use the following discovery documents at trial:

7.    Deposition testimony from plaintiff's deposition

8.    Deposition testimony "of any person plaintiff may call as a witness"[4]

XIII.   <u>FURTHER DISCOVERY OR MOTIONS</u>

None.  Discovery and law and motion are closed under the scheduling order issued in this case.

XIV.   <u>STIPULATIONS</u>

None.

XV.   <u>AMENDMENTS/DISMISSALS</u>

None.

XVI.   <u>SETTLEMENT</u>

The parties participated in a settlement conference before Magistrate Judge Carolyn K. Delaney on March 22, 2022, and the negotiations were unsuccessful.  No further court supervised settlement conference will be scheduled unless both parties indicate that a further settlement conference may be productive.

XVII.  <u>JOINT STATEMENT OF THE CASE</u>

The parties have not provided an agreed-upon neutral statement of the case as required by the undersigned's Standing Order (Doc. No. 151).  The parties shall meet and confer and file a joint neutral statement of the case within **fourteen (14) days** from the date of entry of this order.

---

[4]  As discussed at the final pretrial conference, in their objections to this tentative pretrial order, defendants shall specify which deposition transcripts they anticipate using at trial.

XVIII.   SEPARATE TRIAL OF ISSUES

      The court will bifurcate the trial with respect to plaintiff's punitive damages claim as follows.  The court will submit the question of defendants' liability, including liability for punitive damages, to the jury in the first phase of trial.  If the jury makes the requisite finding that punitive damages are available, the trial will then proceed to a second phase of the trial on the question of the amount of punitive damages to be awarded.

XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

      None.

XX.   ATTORNEYS' FEES

      Plaintiff seeks attorneys' fees pursuant to 42 U.S.C. 1988.

      Defendants may elect to seek an award of attorneys' fees if they prevail at trial.

XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

      None.

XXII.   MISCELLANEOUS

      None.

XXIII.   ESTIMATED TIME OF TRIAL/TRIAL DATE

      Jury trial is scheduled for **October 16, 2023** at 9:00 a.m. in Courtroom 4 before the Honorable Dale A. Drozd.  Trial is anticipated to last 5 court days.  The parties are directed to Judge Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

      Counsel are directed to contact Pete Buzo, courtroom deputy, at (916) 930-4016, no later than one week prior to trial to ascertain the status of the trial date.

XXIV.   PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

      The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

      The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to

/////

agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.  <u>TRIAL BRIEFS</u>

As noted above, trial briefs are due **7 days before trial**.

XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **August 16, 2023**                                    _Dale A. Drozd_

UNITED STATES DISTRICT JUDGE

11

**ATTACHMENT A**

Joint Witness List

1. Steven Hawkinson

2. Gary Martens

3. Scott Blaland, CHP

4. John Denecochea

5. Dat Pham, AMR Ambulance

6. Michael McCartney, AMR Ambulance

7. Adam Fairman, Sutter General Hospital

8. Dr. Boren, Sutter General Hospital

9. Clarence R. Chapman, Law Enforcement Training & Management Consultant

**ATTACHMENT B**

Joint Exhibit List

| Exhibit No. | Description |
|---|---|
| JX – 1. | Results of Chemical tests conducted by plaintiff at Sutter Hospital |
| JX – 2. | Dash camera video taken of plaintiff's car while driving through the streets of Sacramento prior to his arrest and which may have captured audio footage of the plaintiff's encounter with defendants. |
| JX – 3. | Video taken of plaintiff while at the Sacramento jail. |
| JX – 4. | Plaintiff's medical records Sutter hospital |
| JX – 5. | Plaintiff's Government Claim filed with the California Victims of Crime and Government Compensation Board |
| JX – 6. | The Incident Report authored by defendants (for refreshment of recollection purposes) |

13